Priscilla KILGORE *v.* FALLS CHURCH ANIMAL
HOSPITAL and Charles DANIELS, Director,
State Department of Labor

CA 79-74                                     590 S.W. 2d 671

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*Collins Kilgore, Jr.,* for appellant.

*Thelma M. Lorenzo,* for appellee Charles Daniels.

GEORGE HOWARD, JR., Judge. The question presented is whether the finding of the Agency — that appellant quit a permanent job for a temporary one was not for good cause connected with the job, hence, appellant was not entitled to unemployment benefits — is supported by substantial evidence.

Appellant, in August, 1977, accompanied her husband to Washington, D.C. where her husband would be enrolled in school, as a full time student, during the 1977-78 school term. The term was scheduled to end officially in May, 1978, at which time, appellant and her husband were scheduled to return to Little Rock where appellant's husband would occupy a position of employment awaiting his return. At the time appellant left Little Rock for Washington, D.C., she was unemployed and receiving unemployment benefits.

Upon arriving in Washington, appellant promptly obtained employment at the Falls Church Animal Hospital in

Falls Church, Virginia. Appellant advised her employer that her husband was attending school in Washington for the duration of the current term and that she would have to terminate her status as an employee in May, 1978, and return to Little Rock with her husband.

In January, 1978, appellant left the job at the animal hospital and accepted employment as a receptionist with Congressman Jim Guy Tucker in Washington, D.C. The new position afforded appellant a substantial salary increase — paying at least 50% more than what she was receiving at the animal hospital. The receptionist position was temporary since it would terminate in the middle of June, 1978.

In June, 1978, appellant returned to Little Rock and entered the labor market immediately in search of employment.

On June 28, 1978, appellant filed her claim for unemployment benefits. Appellant advised the Agency that she terminated her job at the animal hospital for the following reason:

I was offered a higher paying job, also an offer of better experience for the future and more contacts for a job in Arkansas.

The Agency concluded, in relying upon Section 5 (a) of Ark. Stat. Ann. § 81-1106 (Repl. 1976):

You quit your permanent job with the above employer [Falls Church Animal Hospital] to accept a temporary position with Congressman Jim Guy Tucker's office. Although you may have had good personal reasons for quitting, you have not shown good cause connected with the work.

Section 5(a) provides:

. . . an individual shall be disqualified for benefits:

(a) If he voluntarily and without good cause con-

nected with the work, left his last work. Such disqualification shall continue until, subsequent to filing his claim, he has had at least 30 days of paid work.

Appellant was disqualified for benefits until she had at least 30 days of covered employment.

The holding of the Agency was affirmed by the Appeals Tribunal, the Board of Review and the Circuit Court of Pulaski County.

We are persuaded that the finding of the appellee that appellant quit "a permanent job" with Falls Church Animal Hospital to accept a "temporary position with Congressman Jim Guy Tucker's office," is not supported by substantial evidence and consequently, we reverse.

Appellant testified that when she made application for employment at Falls Church Animal Hospital, she advised management that she would be in the Washington, D.C., area for the duration of the 1977-78 school term which would end in May, 1978; and that she would return to Little Rock, at that time, with her husband. She stated that her employer recognized that she was only a temporary employee. This testimony has not been contradicted.

We have searched this record carefully in an effort to determine the basis of appellee's finding that appellant's employment with Falls Church Animal Hospital was "permanent." While it is clear that the position that the appellant occupied may be characterized as permanent in scope and range, the work arrangement between appellant and her employer was temporary in all respects. Appellant testified that the job offer from Congressman Tucker was temporary. The Agency also found that the employment with Mr. Tucker was temporary in scope and range.

During oral argument, counsel for appellee conceded, in a hypothetical situation, that if appellant's employment with the animal hospital had been permanent and appellant quit the permanent position in order to accept another per-

manent position and later became unemployed, appellant would be eligible to receive benefits. In other words, if the position with Congresssman Tucker had been characterized as permanent, under the Agency's reasoning, appellant would have qualified for benefits because she left a permanent job in order to accept another permanent position.

While it is understandable, and, indeed, logical, why an employee who quits a permanent job in order to accept a temporary one is disentitled to benefits when the temporary employment ceases, we are not persuaded that the same qualifying rule is applicable when an employee leaves a temporary assignment to accept another temporary position which affords more pay.

We perceive that the posture taken by appellee would impose a penalty on an employee who desires to transfer to another job in order to improve his financial position and a premium extended to an employee who is satisfied with some degree of permanence in his employment status at less pay. We cannot visualize such a policy as being in harmony with the legislative purpose of the Employment Security Act as a means of protection against the hazards of economic life.

Appellee has cited *Harris* v. *Daniels, et al*, 263 Ark. 897, 567 S.W. 2d 954 (1978) in support of its posture in this proceeding. *Harris* has no application here. In *Harris*, the claimant accepted what started out as a temporary job, but ultimately became permanent and claimant quit his job in order to look for other employment.

Accordingly, we reverse the Circuit Court of Pulaski County with directions to enter an order reversing the Agency.

Reversed and remanded.